1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
5                paul@markmerin.com

6

7     Attorneys for Plaintiff
      MIGUEL RODRIGUEZ CORTEZ
      and DESIREE MERCADO
8

9                       UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11                             FRESNO DIVISION

12  MIGUEL RODRIGUEZ CORTEZ            Case No.
    and DESIREE MERCADO,
13                                     **COMPLAINT FOR VIOLATION OF**
                                       **CIVIL AND CONSTITUTIONAL RIGHTS**
14            Plaintiffs,
                                       **DEMAND FOR JURY TRIAL**
15  vs.

16  COUNTY OF MERCED, MERCED COUNTY
    SHERIFF'S OFFICE, VERNON H. WARNKE,
17  and DOE 1 to 20,

18            Defendants.

19

20                             **INTRODUCTION**

21        This action involves sheriff's deputies employed by the COUNTY OF MERCED, MERCED

22  COUNTY SHERIFF'S OFFICE, and Sheriff VERNON H. WARNKE recklessly shooting MIGUEL

23  RODRIGUEZ CORTEZ and DESIREE MERCADO, and striking and severely injuring MIGUEL

24  RODRIGUEZ CORTEZ.

25                          **JURISDICTION & VENUE**

26        1.    This Court has original jurisdiction of the federal claims asserted herein pursuant to 28

27  U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action

28  is brought to address deprivations, under color of state authority, of rights, privileges, and immunities

                                        1

secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Merced, California.

## EXHAUSTION

4.      MIGUEL RODRIGUEZ CORTEZ submitted a government claim to the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE regarding the claims asserted herein on December 6, 2019. [Claim No. 2019-109.] The notice of rejection of the government claim was mailed on January 14, 2020.

5.      DESIREE MERCADO submitted a government claim to the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE regarding the claims asserted herein on December 19, 2019. [Claim No. 2019-110.] The notice of rejection of the government claim was mailed on January 28, 2020.

## PARTIES

6.      Plaintiff MIGUEL RODRIGUEZ CORTEZ is a resident of the State of California, County of Merced.

7.      Plaintiff DESIREE MERCADO is a resident of the State of California, County of Stanislaus.

8.      Defendant COUNTY OF MERCED is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9.      Defendant MERCED COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10.      Defendant VERNON H. WARNKE is, and at all times material herein was, a law enforcement officer and Sheriff of Defendants COUNTY OF MERCED and MERCED COUNTY

2

SHERIFF'S OFFICE, acting within the scope of that employment. Defendant VERNON H. WARNKE is sued in his individual capacity.

11.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF MERCED and/or MERCED COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 20 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     In the early evening of November 15, 2019, Plaintiff MIGUEL RODRIGUEZ CORTEZ was driving a vehicle purchased by his mother only two days before.

14.     Plaintiff DESIREE MERCADO was a passenger in the vehicle that Plaintiff MIGUEL RODRIGUEZ CORTEZ was driving.

15.     Plaintiff MIGUEL RODRIGUEZ CORTEZ's vehicle was pulled over by a Merced County Sheriff's Office deputy, Defendant DOE 1, while the vehicle was leaving the parking lot of a McDonald's restaurant in Hilmar, California

16.     Defendant DOE 1 activated his lights and approached Plaintiff MIGUEL RODRIGUEZ CORTEZ's stopped vehicle.

17.     Defendant DOE 1 demanded that Plaintiff MIGUEL RODRIGUEZ CORTEZ produce his license and registration.

18.     Defendant DOE 1 stated that the license plate on Plaintiff MIGUEL RODRIGUEZ CORTEZ's vehicle looked "suspicious."

19.     Plaintiff MIGUEL RODRIGUEZ CORTEZ recognized the Defendant DOE 1 as the same sheriff's deputy who had threatened and abused him on a prior occasion.

20.     Defendant DOE 1 went back to his patrol vehicle.

21.     Plaintiff MIGUEL RODRIGUEZ CORTEZ, fearing possible harm from Defendant DOE 1 based on his prior interaction, decided to drive to a place where there were people who could observe

3

and discourage untoward behavior from Defendant DOE 1.

22.    Plaintiff MIGUEL RODRIGUEZ CORTEZ drove the vehicle away from where he had been pulled-over.

23.    Plaintiff MIGUEL RODRIGUEZ CORTEZ pulled the vehicle off a rural road where he was driving, after he was unable to find a suitable location.

24.    Plaintiff MIGUEL RODRIGUEZ CORTEZ's vehicle was pursued by Defendants DOE 1 to 10, several Merced County Sheriff's Office deputies, after it left the scene.

25.    Defendants DOE 1 to 10 fired numerous bullets through the windows of Plaintiff MIGUEL RODRIGUEZ CORTEZ's vehicle, breaking the windows of the vehicle, immediately after the vehicle had been pulled-off the rural road.

26.    Defendants DOE 1 to 10's shots narrowly missed striking Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

27.    Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO were terrorized by Defendants DOE 1 to 10's shots and sustained injuries from the breaking glass of the windows.

28.    Plaintiff MIGUEL RODRIGUEZ CORTEZ exited the vehicle, with his hands in the air.

29.    Plaintiff MIGUEL RODRIGUEZ CORTEZ was not armed with any weapon or with anything that even resembled a weapon.

30.    Plaintiff MIGUEL RODRIGUEZ CORTEZ stated repeatedly to Defendants DOE 1 to 10: "Don't shoot! Don't kill me!"

31.    Plaintiff MIGUEL RODRIGUEZ CORTEZ surrendered to Defendants DOE 1 to 10.

32.    Defendants DOE 1 to 10 opened fire on Plaintiff MIGUEL RODRIGUEZ CORTEZ, despite his pleas not to shoot and his surrender.

33.    Plaintiff MIGUEL RODRIGUEZ CORTEZ was struck from behind with a bullet that inflicted grievous injury.

34.    Plaintiff MIGUEL RODRIGUEZ CORTEZ fell to the ground, unconscious and bleeding profusely from the gunshot wound he sustained.

35.    Plaintiff DESIREE MERCADO looked on as her friend, Plaintiff MIGUEL RODRIGUEZ CORTEZ, was shot from behind while surrendering with his hands in the air.

4

36.     Plaintiff DESIREE MERCADO observed Plaintiff MIGUEL RODRIGUEZ CORTEZ being stripped naked and his bleeding body exposed.

37.     Plaintiff MIGUEL RODRIGUEZ CORTEZ was air-lifted from scene to a nearby hospital where he received life-saving emergency surgery.

38.     Plaintiff DESIREE MERCADO was detained by Defendants DOE 1 to 10, without cause.

39.     Defendants DOE 1 to 10 seized Plaintiff DESIREE MERCADO's personal possessions, including her purse, identification, license, money, and cell phone, which were not returned.

40.     Plaintiff DESIREE MERCADO observed the scene of the shooting being hosed-down, eliminating numerous spent bullet casings and Plaintiff MIGUEL RODRIGUEZ CORTEZ's blood on the ground, before photos of the scene were taken and evidence adequately collected or documented.

41.     Plaintiff MIGUEL RODRIGUEZ CORTEZ is now under several doctors' care, is partially paralyzed, and his prognosis is guarded.

42.     On December 19, 2019, Plaintiff DESIREE MERCADO wrote to Defendants MERCED COUNTY SHERIFF'S OFFICE and VERNON H. WARNKE and requested the immediate return of her seized property. To date, Defendants MERCED COUNTY SHERIFF'S OFFICE and VERNON H. WARNKE have failed to respond to the request or to return the seized property.

## POLICY OR CUSTOM ALLEGATIONS

43.     Defendant VERNON H. WARNKE, acting as Sheriff, is and, at all times material herein, was a final policy-making authority for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Const., art. XI, § 1(b). Defendant VERNON H. WARNKE is responsible for ensuring the actions of Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE's law enforcement officers are consistent with law and the U.S. and California Constitutions. Defendant VERNON H. WARNKE has served as Sheriff since December 2014. Defendant VERNON H. WARNKE has been employed in various capacities by Defendant MERCED COUNTY SHERIFF'S OFFICE since 1979, including supervisory and policy-making capacities since at least 1997.

44.     Defendants DOE 11 to 20 are/were policy-making authorities, based on a delegation of

5

authority, for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under their command. Defendants DOE 11 to 20 are responsible for ensuring the actions of Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE's law enforcement officers are consistent with law and the U.S. Constitution and the California Constitution.

45.     On information and belief, Defendants DOE 1 to 10's use of unreasonable force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO resulted from the existence of a policy or custom maintained by Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20. Specifically, the topics of the policies or customs alleged to exist in connection with the incidents giving rise to this action include:

i.       A policy or custom of action whereby Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20 knowingly participated in creating and maintaining a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force.

ii.      A policy or custom of inaction whereby Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20 acquiesced in or where deliberately indifference to a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force.

46.     On information and belief, Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20's insufficient training, supervision, or control of Defendants DOE 1 to 10 was a moving force behind and contributed to the improper and unlawful use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, resulting in injury.

47.     The existence of the policies or customs alleged to exist are reflected by Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, and Defendants DOE 1 to 10's failure to intervene in, integral participation in, and/or aiding and abetting Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, including:

6

a.   The multiple harms that occurred to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, including (i) Defendants DOE 1 to 10's pointing their firearms at Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO when they posed no threat and there was no lawful justification for doing so; (ii) Defendants DOE 1 to 10's firing their firearms at Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO when they posed no threat and there was no lawful justification for doing so; and (iii) Defendants DOE 1 to 10's shooting at and striking Plaintiff MIGUEL RODRIGUEZ CORTEZ when he posed no threat and there was no lawful justification for doing so.

b.   The misconduct that occurred in the open, on a public street, including (i) Defendants DOE 1 to 10's pointing their firearm at Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO when they posed no threat and there was no lawful justification for doing so; (ii) Defendants DOE 1 to 10's firing their firearms at Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO when he posed no threat and there was no lawful justification for doing so; and (iii) Defendants DOE 1 to 10's shooting at and striking Plaintiff MIGUEL RODRIGUEZ CORTEZ when he posed no threat and there was no lawful justification for doing so.

c.   The involvement of multiple officials in the misconduct, including Defendants DOE 1 to 10, who pointed their firearms and shot at Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, and shot Plaintiff MIGUEL RODRIGUEZ CORTEZ when he posed no threat and there was no lawful justification for doing so, and Defendants DOE 1 to 10 who failed to intervene in, integrally participated in, and/or aided and abetted Defendants DOE 1 to 10's use of unreasonable force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

48.   Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants DOE 1 to 10, were inadequately trained, supervised, or disciplined resulting from

7

either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20 had notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, as reflected by multiple sources, including several incidents, complaints, and settlements occurring prior to the incidents giving rise to this action. For example:

i)    In December 2018, "several" members of Defendant MERCED COUNTY SHERIFF'S OFFICE were involved in a bar fight. Defendant VERNON H. WARNKE characterized the bar fight as "a personal issue." *See* <https://www.sanluisobispo.com/news/california/article223391040.html>. On information and belief, Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON H. WARNKE failed to hold their officers accountable for the misconduct.

ii)   In *Aguaristi v. County of Merced*, E.D. Cal. Case 1:18-cv-01053-DAD-EPG, it is alleged that two officers employed by Defendant COUNTY OF MERCED entered George Aguaristi's private property without consent, "maced, shot, and killed" his dog, disposed of the dog's body without notice, and urinated on Mr. Aguaristi's property. The lawsuit remains pending. On information and belief, Defendant COUNTY OF MERCED failed to hold their officers accountable for the alleged misconduct.

iii)  In *Estate of Bonilla v. County of Merced*, E.D. Cal. Case No. 1:18-cv-00329-DAD-SKO, Aaron Bonilla, an inmate in the custody of Defendant MERCED COUNTY SHERIFF'S OFFICE at the Merced County Jail, was beaten to death by several other inmates of the course of at least 12 minutes. Investigators found that the supervision of inmates at the jail was so lackadaisical that the attacking inmates beat Mr. Bonilla for a "long period of time" and then "stopped and caught their breath and kept going." Defendant VERNON H. WARNKE admitted that "[o]ur staffing levels are low" at the jail. *See* <https://www.losbanosenterprise.com/article205184219.html>. The lawsuit was settled. On information and belief, Defendants COUNTY OF MERCED, MERCED COUNTY

SHERIFF'S OFFICE, and VERNON H. WARNKE failed to hold their officers accountable for the misconduct.

iv)  In *Morse v. County of Merced*, E.D. Cal. Case No. 1:16-cv-00142-DAD-SKO, a lieutenant and detective employed by Defendant MERCED COUNTY SHERIFF'S OFFICE obtained an arrest warrant through judicial deception by omitting key evidence that would have exonerated the suspect, then falsely arrested the subject of the warrant, Ethan Morse, the son of the County's previous district attorney. Mr. Morse spent four months in jail before he was declared factually innocent. A jury found the officers liable for various violations of Mr. Morse's civil rights and awarded $498,300, in addition to $28,349 in punitive damages and attorneys' fees and costs associated with the lawsuit. *See* <https://www.fresnobee.com/news/local/article210641864.html>. On information and belief, Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON H. WARNKE failed to hold their officers accountable for the misconduct.

v)  In *Brum v. County of Merced*, E.D. Cal. Case No. 1:12-cv-01636-AWI-SKO, 15 female corrections officers who were previously or currently employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE filed a complaint alleging a longstanding pattern and practice of discrimination based on sex and gender. The plaintiffs alleged that they had attempted to raise their grievances prior to filing suit but they were retaliated against, intimidated, and scrutinized in response by Defendant COUNTY OF MERCED and its employees. The lawsuit was settled. On information and belief, Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE failed to hold their officers accountable for the alleged misconduct.

vi)  In *Cervantes v. Merced County*, E.D. Cal. Case No. 1:12-cv-00868-AWI-MJS, it was alleged that Teresa Cervantes was subject to a routine traffic stop for a moving violation by a deputies employed by Defendant MERCED COUNTY SHERIFF'S OFFICE. During the stop, the deputies called Ms. Cervantes "stupid" and grabbed her arm and twisted it with such force that it fractured her arm and injured her ribs and shoulder. The lawsuit was settled. On information and belief, Defendants COUNTY OF MERCED and

9

1   MERCED COUNTY SHERIFF'S OFFICE failed to hold their officers accountable for

2   the alleged misconduct.

3   vii)   In *Gonzalez v. Merced County*, E.D. Cal. Case No. 1:07-cv-01146-OWW-SMS,

4   Guadalupe Gonzalez was arrested by deputies employed by Defendant MERCED

5   COUNTY SHERIFF'S OFFICE, without explanation. Mr. Gonzalez warned deputies that

6   he had a back injury and inquired as to why he was being arrested. In response, one of the

7   deputies instructed another deputy to tase Mr. Gonzalez. The deputy complied and tased

8   Mr. Gonzalez multiple times, without cause, as the other deputy restrained Mr. Gonzalez.

9   The lawsuit was settled. On information and belief, Defendants COUNTY OF MERCED

10   and MERCED COUNTY SHERIFF'S OFFICE failed to hold their officers accountable

11   for the alleged misconduct.

12   viii)   In *Davis v. County of Merced*, E.D. Cal. Case No. 1:07-cv-00180-SKO, Cedric Davis, an

13   inmate at the Merced County Jail, reported to Defendant MERCED COUNTY

14   SHERIFF'S OFFICE's deputies that he was having trouble breathing. Despite this,

15   several deputies forcefully restrained Mr. Davis, tased him multiple times, sprayed

16   chemical agents in his face, and secured him on a restraint chair, causing Mr. Davis'

17   death. The lawsuit was settled for $650,000. On information and belief, Defendants

18   COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE failed to hold

19   their officers accountable for the misconduct.

20   49.   On information and belief, Defendants COUNTY OF MERCED, MERCED COUNTY

21   SHERIFF'S OFFICE, VERNON H. WARNKE, and/or DOE 11 to 20 were aware the of the multiple

22   settlements, prior incidents, and complaints described above. Defendants COUNTY OF MERCED,

23   MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and/or DOE 11 to 20 perpetuated

24   the problem by knowingly turning a blind eye to the abuses, ignoring or refusing to investigate

25   complaints of subordinates' misconduct, acquiescing in and implicitly condoning the misconduct by

26   perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize

27   subordinates' misconduct, failing to hold subordinates accountable for violations of law or policies, and

28   creating or fostering an environment where subordinate law enforcement officers believed they could

10

"get away with anything."

50.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20's permitting a pervasive culture of violence by subordinate law enforcement officers is demonstrated, for example, by the continuous employment of Johnny Mathis, a sheriff's deputy with an extensive history of violence that resulting in at least three civil lawsuits and a government claim being filed and $400,000 in civil settlements paid by Defendant COUNTY OF MERCED. *See* <https://www.modbee.com/latest-news/article3128013.html>. On information and belief, deputy Mathis' misconduct did not result in his discipline but, rather, he was promoted to Defendant MERCED COUNTY SHERIFF'S OFFICE's K-9 Unit.

    a)     In a 2004 lawsuit, Marcus Aue and Jason Haugen alleged they were assaulted and beaten without cause at the Merced County Fair by two deputies, including deputy Mathis, who were allegedly on steroids. Two months after the incident, Sheriff Pazin admitted that four deputies had used steroids. Deputy Mathis did not answer questions about his steroid use in order to avoid departure from the Merced County Sheriff's Office. The two victims of the deputies' assault settled for $325,000 and $15,000, respectively.

    b)     In 2004 incident, deputy Mathis was off-duty when his K-9 bit a bystander in Santa Cruz. The resulting lawsuit settled for $4,500.

    c)     In *Red v. County of Merced*, E.D. Cal. Case No. 1:06-cv-01003-GSA, Peggy Red alleged that deputy Mathis pointed a gun at her, detained and arrested her without cause, and broke the frames of her eyeglasses in the process. The case was settled for $50,000.

    d)     In a 2006 lawsuit, deputy Mathis pursued a suspect and allegedly attacked Stefano Evans, a man unrelated to the pursuit, who was trying to leave his driveway. Deputy Mathis came upon Mr. Evans and told him to stop his car at gunpoint, fired a taser, dragged him from the car, and arrested him. The case was settled for $22,500.

    e)     In 2010, deputy Mathis charged with domestic violence for alleged battery on his wife, an on-duty dispatcher, while he was on-duty at the Merced County Main Jail. Deputy Mathis was removed from his employment with Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE only after he was criminally charged with a

11

misdemeanor. (Ex-deputy Mathis subsequently obtained employment as a police officer with the Dos Palos Police Department. *See*

<https://www.mercedsunstar.com/news/local/crime/article226211755.html>.)

51. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies or customs because the inadequacies were so obvious and likely to result in the violation of constitutional rights of persons coming into contact with their subordinate officers, including Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

52. On information and belief, additional evidence and information related to Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20's policies or customs will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### False Detention / Arrest

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

53. This Claim is asserted by Plaintiff MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants DOE 1 to 10.

54. Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

55. Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiffs MIGUEL RODRIGUEZ CORTEZ

12

and DESIREE MERCADO, without a warrant and without probable cause, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

56.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in and/or were integral participants in Defendants DOE 1 to 10's false detention/arrest of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

57.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's constitutional rights, or were wantonly or oppressively done.

58.     As a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

**SECOND CLAIM**

**Unreasonable and Excessive Force**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

59.     This Claim is asserted by Plaintiff MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

60.     Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

61.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by the Fourth

13

Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

62.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in and/or were integral participants in Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

63.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

64.     Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's constitutional rights, or were wantonly or oppressively done.

65.     As a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, DOE 1 to 20's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

### THIRD CLAIM

### Denial of Substantive Due Process

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

66.     This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants DOE 1 to 10.

14

67.     Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

68.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing deadly force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by the Fourteenth Amendment of the U.S. Constitution.

69.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in and/or were integral participants in Defendants DOE 1 to 10's conscience-shocking employment of deadly force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by the Fourteenth Amendment of the U.S. Constitution.

70.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's constitutional rights, or were wantonly or oppressively done.

71.     As a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## FOURTH CLAIM

### Unreasonable Seizure and Search of Property

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

72.     This Claim is asserted by Plaintiff DESIREE MERCADO against Defendants DOE 1 to 10.

73.     Plaintiff DESIREE MERCADO realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

15

74.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff DESIREE MERCADO's property, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

75.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in and/or were integral participants in Defendants DOE 1 to 10's unreasonable seizure and search of Plaintiff DESIREE MERCADO's property, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

76.    Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff DESIREE MERCADO's constitutional rights, or were wantonly or oppressively done.

77.    As a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, Plaintiff DESIREE MERCADO suffered injuries entitling her to receive compensatory and punitive damages and equitable relief against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff DESIREE MERCADO prays for relief as hereunder appears.

## FIFTH CLAIM

### False Detention / Arrest

### (Cal. Const., Art. I, § 13)

78.    This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

79.    Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

80.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, without a warrant and without probable cause, in violation of their rights

16

protected by article I, section 13 of the California Constitution.

81.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's false detention/arrest of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by article I, section 13 of the California Constitution.

82.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

83.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

84.     As a direct and proximate result of Defendant DOE 1 to 10's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendant DOE 1 to 10.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable and Excessive Force

### (Cal. Const., Art. I, § 13)

85.     This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

86.     Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

17

87.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by article I, section 13 of the California Constitution.

88.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, in violation of their rights protected by article I, section 13 of the California Constitution.

89.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's rights protected by article I, section 13 of the California Constitution.

90.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 20.

91.     Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

92.     As a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray

18

for relief as hereunder appears.

## SEVENTH CLAIM

### Unreasonable Seizure and Search of Property

### (Cal. Const., Art. I, § 13)

93.     This Claim is asserted by Plaintiff DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

94.     Plaintiff DESIREE MERCADO realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

95.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff DESIREE MERCADO's property, without a warrant and without probable cause, in violation of her rights protected by article I, section 13 of the California Constitution.

96.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's unreasonable seizure and search of Plaintiff DESIREE MERCADO's property, in violation of her rights protected by article I, section 13 of the California Constitution.

97.     Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

98.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff DESIREE MERCADO.

99.     As a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, Plaintiff DESIREE MERCADO suffered injuries entitling her to receive compensatory damages and equitable relief against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff DESIREE MERCADO prays for relief as hereunder appears.

\ \ \

**EIGHTH CLAIM**

**Bane Act**

**(Cal. Civ. Code § 52.1)**

100.     This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

101.     Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

102.     Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers:

a.      falsely detained/arrested Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, without a warrant and without probable cause, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

b.      used unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

c.      engaged in conscience-shocking conduct by employing deadly force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO of their rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, section 7(a) of the California Constitution; and/or

d.      unreasonably seized and searched Plaintiff DESIREE MERCADO's property, without a warrant and without probable cause, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff DESIREE MERCADO of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution.

103.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's violation of the constitutional rights of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution; the Fourteenth Amendment of the U.S. Constitution; article I, section 13 of the California Constitution; and/or article I, section 7(a) of the California Constitution.

104.    Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 11 to 20, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction, resulting in the violation of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's rights, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution.

105.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 20.

106.    Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

107.    As a direct and proximate result of Defendants COUNTY OF MERCED, MERCED

21

1  COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20's actions and inactions,

2  Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them

3  to receive compensatory damages, treble damages, civil penalties, and equitable relief against Defendants

4  COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and

5  DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

6        WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray

7  for relief as hereunder appears.

8                    **NINTH CLAIM**

9                 **False Detention / Arrest**

10      108.    This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE

11  MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE,

12  VERNON H. WARNKE, and DOE 1 to 10.

13      109.    Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and

14  incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth

15  in this Claim.

16      110.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official

17  duties as law enforcement officers, falsely detained/arrested Plaintiffs MIGUEL RODRIGUEZ CORTEZ

18  and DESIREE MERCADO, without a warrant and without probable cause.

19      111.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official

20  duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and

21  abetted Defendants DOE 1 to 10's false detention/arrest of Plaintiffs MIGUEL RODRIGUEZ CORTEZ

22  and DESIREE MERCADO.

23      112.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are

24  vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§

25  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

26  within the scope of their employment, including Defendants DOE 1 to 10.

27      113.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

28  malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE

22

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cortez v. County of Merced*, United States District Court, Eastern District of California, Case No. _____

MERCADO.

114.    As a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## TENTH CLAIM

### Assault / Battery

115.    This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

116.    Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

117.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched or threatened to touch Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, without consent, and that touching or threating to touch constituted use of unreasonable and excessive force.

118.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's intentional touching or threating to touch Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

119.    Defendants VERNON H. WARNKE and DOE 11 to 20, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction, resulting in Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiff MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

120.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are

23

vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 20.

121.    Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

122.    As a direct and proximate result of Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Intentional Infliction of Emotional Distress

123.    This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

124.    Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

125.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, including use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, and, as a result of that outrageous conduct, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered severe emotional distress.

126.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, including failure to intercede in,

24

integral participation in, and/or aiding and abetting Defendants DOE 1 to 10's use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, and, as a result of that outrageous conduct, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered severe emotional distress.

127.   Defendants VERNON H. WARNKE and DOE 11 to 20, acting under color of state law and as policy-making authorities, engaged in outrageous conduct, including maintenance of policies or customs of action and inaction resulting in the violation of Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO's rights, and, as a result of that outrageous conduct, Plaintiff MIGUEL RODRIGUEZ CORTEZ suffered severe emotional distress.

128.   Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 20.

129.   Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

130.   As a direct and proximate result of Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## TWELFTH CLAIM

### Conversion / Trespass to Chattels

131.   This Claim is asserted by Plaintiff DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20.

132.   Plaintiff DESIREE MERCADO realleges and incorporates the allegations of the

25

preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

133.    Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, substantially interfered with Plaintiff DESIREE MERCADO's right to possess her personal property by knowingly or intentionally taking possession of the property, without consent.

134.    Defendant VERNON H. WARNKE, acting or purporting to act in the performance of his official duties as a law enforcement officer, refused to return Plaintiff DESIREE MERCADO's personal property after she demanded its return.

135.    Defendants VERNON H. WARNKE and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's interference with Plaintiff DESIREE MERCADO's right to possess her personal property.

136.    Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 10.

137.    Defendants VERNON H. WARNKE and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff DESIREE MERCADO.

138.    As a direct and proximate result of Defendants VERNON H. WARNKE and DOE 1 to 10's actions and inactions, Plaintiff DESIREE MERCADO suffered injuries entitling her to receive compensatory damages and equitable relief against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 10; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 10.

WHEREFORE, Plaintiff DESIREE MERCADO pray for relief as hereunder appears.

### THIRTEENTH CLAIM

#### Negligence

139.    This Claim is asserted by Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE,

26

VERNON H. WARNKE, and DOE 1 to 20.

140. Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO reallege and incorporate the allegations of the preceding paragraphs 1 to 52, to the extent relevant, as if fully set forth in this Claim.

141. Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO a duty of care and breached that duty by: (1) falsely detaining/arresting Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO, without a warrant and without probable cause; (2) employing improper tactical conduct, and making improper decisions, preceding the use of unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO; (3) using unreasonable and excessive force against Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO; (4) engaging in conscience-shocking conduct by employing deadly force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO; and/or (5) unreasonably seizing and searching Plaintiff DESIREE MERCADO's personal property, without a warrant and without probable cause, and refusing to return the property upon demand;

142. Defendants DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO a duty of care and breached that duty where they failed to intercede in, were integral participants in, and/or aided and abetted Defendants DOE 1 to 10's negligent conduct.

143. Defendants VERNON H. WARNKE and DOE 11 to 20, acting under color of state law and as policy-making authorities, owed Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO a duty of care and breached that duty by inadequately training, supervising, and/or retaining Defendants DOE 1 to 10, including, on information and belief: (1) knowingly participating in creating and maintaining a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force; and/or (2) acquiescing in or acting deliberately indifferent to a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force.

144. Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are

27

vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants VERNON H. WARNKE and DOE 1 to 20.

145.     Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

146.     As a direct and proximate result of Defendants VERNON H. WARNKE and DOE 1 to 20's actions and inactions, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20; and punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO seek Judgment as follows:

1.     For an award of compensatory, general, and special damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON H. WARNKE, and DOE 1 to 20, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants VERNON H. WARNKE and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, were wantonly or oppressively done, and/or constituted oppression, fraud, or malice resulting in great harm;

3.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

4.     For an award of equitable/declaratory relief, adjudicating Plaintiff DESIREE

28

MERCADO's right to possess her seized personal property and ordering its return;

5.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: January 30, 2020                          Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
MIGUEL RODRIGUEZ CORTEZ
and DESIREE MERCADO

29

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff MIGUEL RODRIGUEZ CORTEZ and DESIREE MERCADO.

Dated: January 30, 2020

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:        (916) 443-6911
Facsimile:        (916) 447-8336

Attorneys for Plaintiffs
MIGUEL RODRIGUEZ CORTEZ
and DESIREE MERCADO