Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiff
MIGUEL RODRIGUEZ CORTEZ
and VIKTORIA DESIREE MERCADO

James N. Fincher, SBN 196837
Merced County Counsel
Roger S. Matzkind, SBN 77331
Chief Civil Litigator
Janine L. Highiet-Ivicevic, SBN 254405
Deputy County Counsel
2222 M Street, Room 309
Merced, CA  95340
Tel:    (209) 385-7564
Fax:   (209) 726-1337
Email: Roger.Matzkind@countyofmerced.com;
           Janine.Highiet-Ivicevic@countyofmerced.com

Attorneys for Defendants
COUNTY OF MERCED, MERCED COUNTY
SHERIFF'S OFFICE, and VERNON H. WARNKE

Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, CA 94903
Telephone: 415.259.6638
Facsimile: 877.259.3762
Email:   alison@berrywilkinson.com

Attorneys for Defendant DAMIAN SPARKS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MIGUEL RODRIGUEZ CORTEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MERCED, et al., <br><br> Defendants. | Case No. 1:20-cv-00161-NONE-SAB <br><br> ORDER RE STIPULATED PROTECTIVE ORDER <br><br> (ECF No. 14) |

1

## STIPULATION

1.	The parties to the above-entitled action, Defendants COUNTY OF MERCED, *et al*., and Plaintiffs MIGUEL RODRIGUEZ CORTEZ and VIKTORIA DESIREE MERCADO.by and through their counsel of record, hereby stipulate to entry of the attached protective order covering materials produced or received (including in response to subpoenas) in relation to an early settlement conference which they intend to schedule. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The materials included in the above-mentioned protective order are as follows:

    a.	Medical records; and

    b.	Any document produced formally or informally in connection with the early settlement conference, which the parties are in the process of scheduling.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER".

2.	Confidential material shall be used solely in connection with the early settlement conference in the within action (Case No. 1:20-cv-00161-NONE-SAB)  and not for any other purpose, including any other litigation, without the express approval of this court, except as set forth in paragraph 7(a), below.

3.	Confidential material may not be disclosed, except as is provided in paragraphs 4 and 5, below.

4.	Confidential material may be disclosed only to the following persons: (a) counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed

by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; and (4) retained experts. Nothing in this paragraph (4) is intended to prevent officials or employees of any defendant, or other authorized government officials, from having access to the documents so designated if they would have such access in the normal course of their job duties.  Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her.  Finally, nothing in this paragraph (4) prevents defendant SPARKS from viewing materials produced from his own personnel file.

5. Without written permission from the party designating materials as confidential or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential material.  A party that seeks to file under seal any confidential material must comply with Civil Local Rule 141.  Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential material at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the confidential material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a request by a party in receipt of material designated confidential to file said confidential material under seal pursuant to Civil Local Rule 141 is denied by the court, then the party in receipt of the material designated as confidential may file the information in the public record unless otherwise instructed by the court.

6. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material," as designated hereunder, with a copy of this order, and shall agree on the record, in writing, that he or she has read this protective order and consents to be subject to the jurisdiction of this court with respect to the enforcement of this order, including without limitation, any proceeding for contempt.  Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

7. If the matter settles at the conclusion of the early settlement conference   all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered

back to the appropriate parties or their attorneys. Provisions of this order, insofar as they restrict the disclosure and use of the material, shall remain in full force and effect until further order of this court.

    a.    If the matter does not resolve at the conclusion of the early settlement conference, any documents secured by subpoena shall be used solely in connection with the litigation in this action (Case No. 1:20-cv-00161-NONE-SAB) and not for any other purpose, including any other litigation, without the express approval of this court.

    8.    The foregoing is without prejudice to the right of any party to this action: (a) to apply to the court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the court for an order removing the confidential material designation from any document; and, (c) to apply to the court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 16, 2020

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*
(as authorized on April 16, 2020)
By: _____
   Mark E. Merin

    Attorneys for Plaintiffs
    MIGUEL RODRIGUEZ CORTEZ
    and VIKTORIA DESIREE MERCADO

//

//

//

//

Dated:  April 13, 2020

Respectfully Submitted,
Merced County Counsel's Office

*/s/ Roger Matzkind*
(as authorized on April 13, 2020)
By: _____
Roger S. Matzkind
Janine L. Highiet-Ivicevic

Attorneys for Defendants
COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON H. WARNKE

Dated:  April 17, 2020

Respectfully Submitted,

Berry | Wilkinson | Law Group

By:  /s/ Alison Berry Wilkinson
Attorneys for Defendant DAMIAN SPARKS

## ATTORNEY ATTESTATION

I, Alison Berry Wilkinson, am the ECF user whose identification and password are being used to file the foregoing documents.  Pursuant to Local Rule 131(e), I hereby attest that concurrence in the filing of these documents has been obtained from each of its signatories.

Dated:  April 17, 2020

By: /s/ Alison Berry Wilkinson
Alison Berry Wilkinson

## ORDER

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The parties' stipulation for a protective order is issued covering materials produced or received (including in response to subpoenas) in relation to the agreed early settlement conference.  All documents produced formally or informally in connection with the early settlement conference, including medical records, shall be handled in accordance with paragraphs 1-8 above.

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion.  <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:   **April 17, 2020**

UNITED STATES MAGISTRATE JUDGE