IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
BEFORE THE HONORABLE KENDALL J. NEWMAN

MIGUEL RODRIGUEZ CORTEZ &
VIKTORIA DESIREE MERCADO,

           Plaintiffs,

vs.                          Sacramento, California
                             No. 1:20-CV-00161-NONE-SAB
                             Friday, August 21, 2020
COUNTY OF MERCED, ET AL.,    2:35 p.m.

           Defendants.
_____/

--oOo--

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RE: SETTLEMENT CONFERENCE

**(Hearing conducted via Zoom videoconference)**

--oOo--

**APPEARANCES:**

For the Plaintiffs:          LAW OFFICE OF MARK E. MERIN
                             By:  Mark E. Merin
                                  Paul H. Masuhara
                             1010 F Street, Suite 300
                             Sacramento, CA  95814

For the Defendants:          MERCED COUNTY COUNSEL
                             Roger S. Matzkind
                             Chief Civil Litigator
                             Janine L. Highiet
                             Deputy County Counsel
                             2222 M Street, Room 309
                             Merced, CA  95340

For the Defendant:           BERRY WILKINSON LAW GROUP
Damian Sparks                By:  Alison Berry Wilkinson
                             165 N. Redwood Drive, Ste. 206
                             San Rafael, CA  94903

///

**CONTINUED APPEARANCES:**

Official Reporter:                Tiphanne G. Crowe
                                  CSR No. 10958
                                  501 I Street
                                  Sacramento, CA  95814
                                  Tcrowe.csr@gmail.com

*Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.*


   SACRAMENTO, CALIFORNIA, FRIDAY, AUGUST 21, 2020, 2:35 P.M.

                            --oOo--

          THE CLERK:  Calling Civil Case 1:20-CV-161-SAB;

Cortez, et al versus County of Merced, et al.  On for

settlement conference.

          THE COURT:  Good afternoon, everyone.  This is Judge

Newman.  The parties have been engaged in a settlement

conference with me today.  The parties have reached a verbal

settlement as it relates to the plaintiff, Mr. Cortez, and are

here to put the terms of the settlement on the record.

          If I could have appearances for the record starting

with plaintiff's counsel.  And, everyone, you need to unmute as

you speak, because you are all muted.

          MR. MARIN:  You are absolutely right.  Thank you, your

Honor.  This is Mark Merin.  I represent Miguel Cortez.  I

also -- and presently, on the record, representing Viktoria

Mercado.

          However, I am -- it's part of this agreement moving to

1    withdraw from representation for two reasons.  One, that it's

2    determined that I do have a conflict in her representation, and

3    also, because she's failed to remain in contact with me, and

4    that has made it impossible for me to continue representing

5    her.

6            THE COURT:  Okay.  And we'll talk about that more as

7    we put it on the record.  Thank you for that.  Also for

8    plaintiffs is?

9            MR. MASUHARA:  Paul Masuhara with Mark Merin's office

10   representing the same clients as Mr. Merin.

11           THE COURT:  Thank you, Mr. Masuhara.  Good afternoon.

12   And then Mr. Cortez is present as well by Zoom.  Correct, Mr.

13   Merin?  Next to you?

14           MR. MERIN:  Yes, he is.  He's adjacent to me.

15           THE COURT:  Very good.  And for the defendants

16   starting with defense counsel.

17           MR. MATZKIND:  Roger Matzkind, Office of the County

18   Counsel, County of Merced for all defendants, except for

19   Sparks, including those defendants which have not yet appeared.

20           THE COURT:  And, Counsel, Ms. Wilkinson.

21           MS. WILKINSON:  Allison Berry-Wilkinson on behalf of

22   Defendant Damian Sparks.

23           THE COURT:  And, Mr. Matzkind, could you tell us who

24   else is here on behalf of your respective clients as client

25   representatives?

1      MR. MATZKIND:  Yes, Randy Lingenfelter from PRISM,
2  P-R-I-S-M.
3      THE COURT:  And, Ms. Highiet, also do you want to
4  state your appearance.
5      MS. HIGHIET-IVICEVIC: Janine Highiet from County
6  Counsel's Office for County of Merced representing the same as
7  Roger Matzkind.
8      THE COURT:  And with regard to -- PRISM is the
9  insurance carrier for the county, correct, Mr. Lingenfelter?
10      MR. MATZKIND:  No, excuse me, go ahead, Randy.
11      MR. LINGENFELTER:  We provide a risk management and
12  insurance programs to the county.  They are a member of the
13  program.  It's a Joint Powers Association.
14      THE COURT:  Okay.  And is it you that has the
15  authority to enter into a settlement on behalf of the county
16  and the individual named defendants?  Is it -- Mr. Matzkind, is
17  it both of you?  I'm just trying to find out, as we're putting
18  it on the record, who's got the authority here.
19      MR. LINGENFELTER:  Sure.  And I would say in this
20  matter it's Mr. Matzkind.  It's a reimbursement program, so Mr.
21  Matzkind has been given the authority for this case.
22      THE COURT:  Very good.  Okay.  So what I'm going to do
23  is I will take a crack at stating the material terms of the
24  settlement.  I will then ask everyone present to please correct
25  any material misstatements or omissions that I make, and then

1   once we get all the terms laid out, I'll ask everyone if they

2   understand and agree to the terms in the settlement.

3          In settlement in this case, defendants and Merced

4   County on behalf of the risk pool, as well as the individual

5   named defendants, are going to pay the plaintiff the total sum

6   of $200,000 in complete resolution of all claims that Mr.

7   Cortez brought, or could have brought in this case, including

8   any claims for attorney's fees, costs, liens, medical expenses,

9   psychological, psychiatric records.

10          Criminal -- defense -- defense expenses he might have.

11   So a complete resolution against all current/former employees

12   of Merced County.  So it's all the officers named, or any other

13   officers you could name, or medical professionals.  Any claims

14   for violations of your constitutional rights, or negligence, or

15   intentional or negligent infliction of emotional distress,

16   personal injury.

17          So basically, Mr. Cortez, it means every claim you

18   possibly could have brought in this case is wrapped up.  You

19   can't later say, "Oh, I've got a different person I want to

20   name," or "I've got a different legal theory."  Nope this case

21   will be done.

22          There's no admission of liability.  The settlement

23   agreement will refer to California Code of Civil Procedure

24   1542, which is what -- a code section, again, that says, as

25   broad as possible, all claims known and unknown, so that other

1  claims don't come forward in the future.

2         The plaintiff's responsible for own liens as well as

3  medical expenses arising out of this incident into the future,

4  so it counts off all defense liability as of now.

5         Plaintiff's responsible for their own attorney's fees

6  including all attorney's fees expended on behalf -- by Mr.

7  Merin and Mr. Masuhara -- on behalf of Ms. Mercado until they

8  successfully withdraw from this case.

9         As indicated, they are going to -- within the next 30

10  days -- file a motion to withdraw representing Ms. Mercado.

11  Both on the fact that she is no longer communicating with her

12  counsel.

13         And they have determined, through this case, that they

14  have a conflict, which would prevent them from continuing to

15  represent her anyway in light of their representation of Mr.

16  Cortez, and they will be responsible for making sure that

17  notice is provided and responding to any concerns Judge Boone,

18  or whatever judge, has in that matter and will continue to

19  represent until that is granted.

20         There will be a stay of all discovery with regard to

21  Ms. Mercado, all court dates, until Judge Boone rules on that

22  motion to withdraw, and then if she appears, or different

23  counsel appears, then the Court can figure out how to have that

24  aspect of the case go forward.

25         All dates will be vacated with regard to Mr. Cortez.

1   The documents will be sent out promptly by Mr. Matzkind.  We'll

2   talk about that on the record in a moment, but hopefully the

3   very early part of next week, and as soon as the documents are

4   reviewed and signed, payment will occur within 30 days after

5   there are signed documents, and there will be a dismissal with

6   prejudice, although that will not be filed -- as it relates to

7   all of Mr. Cortez' claims -- although that will not be filed

8   with the Court until Mr. Matzkind represents payment has been

9   tendered to plaintiff's counsel to resolve this matter.

10          The matter will not have a confidentiality provision.

11  However, it will have a non-disparagement provision.  And what

12  that means, Mr. Cortez, is to the extent that you or your

13  lawyers need to talk about this case such as the lienholders,

14  or if your criminal lawyer wants to know the outcome, or that

15  Court wants to know, you can obviously disclose how this case

16  was resolved.

17          But, otherwise, you are not going to be talking about

18  it to other people.  No posting things on Facebook or Twitter

19  or other social media.  If anyone asks you about it, you can

20  just say, "There was a civil lawsuit.  It was resolved to the

21  mutual satisfaction of the parties," but no one wants to have

22  you bashing the officers of the county.  You don't want the

23  county making statements about you outside of consequences you

24  may be facing in the criminal proceedings, et cetera.

25          I think I'm -- I'm hoping that's generally -- and,

1    again, obviously the defense to bear their own attorney's fees

2    and costs.

3           Mr. Merin, have I accurately stated the terms, and did

4    I forget anything?

5           MR. MERIN:  I think you got everything.  I would like

6    to hear from Mr. Matzkind, if possible, when -- at the

7    earliest -- he thinks he can get me a draft agreement.

8           THE COURT:  I'm sorry, go ahead, Mr. Matzkind.

9           MR. MATZKIND:  I'm sure we can get that for you next

10   week, don't you think, Janine?

11          MS. HIGHET-IVICEVIC:  Yeah, we can do it by next week.

12   No problem.

13          MR. MATZKIND:  Mark, the sooner you get the signed

14   documents back, the auditor needs to have that, then I can

15   process it.  I assure you I always push those as fast as I can,

16   so you don't have to wait.

17          MR. MERIN:  Great.

18          THE COURT:  Following today's conference, you may want

19   to speak to Mr. Matzkind or Ms. Highiet, because I think

20   they'll probably need the 1099 information from you, and if

21   it's a direct deposit, where that's going, just so they can

22   include that and get everything moving along that much

23   quicker.

24          MR. MATZKIND:  The check would be made payable --

25   Mark, how do you want that?  If I may address him directly,

1  your Honor?

2          THE COURT:  Yes.

3          MR. MERIN:  The check should be made payable to the

4  Law Office of Mark E. Marin Client Trust Account.

5          MR. MATZKIND:  Got that, Janine?

6          MS. HIGHIET-IVICEVIC: (Counsel nods head).

7          THE COURT:  Mr. Masuhara, did I get all the material

8  terms?  Did I forget anything?  You are muted.

9          MR. MASUHARA:  Sorry about that.  Yes, your Honor.

10  You got all the material terms, and I can't think of anything

11  you left out.

12          THE COURT:  Mr. Matzkind, did I get all the material

13  terms?

14          MR. MATZKIND:  I believe you did.

15          THE COURT:  Forget anything?  Did I forget anything?

16          MR. MATZKIND:  I don't think so.  The scope of the --

17  of the release.  You know, you mentioned all the employees.  We

18  usually add on, just as a matter of course, the supervisor and

19  officials and stuff like that.

20          THE COURT:  Yeah, that's why I said any current/former

21  employees, et cetera.

22          Ms. Wilkinson, did I get the material terms?  Anything

23  I forgot to include?

24          MS. WILKINSON:  You did, your Honor.  All is good.

25          THE COURT:  Ms. Highiet, anything else?

1    MS. HIGHIET-IVICEVIC:  Nothing further.  Thank you,

2  your Honor.

3           THE COURT:  Okay.  Then, Mr. Merin, do you understand

4  the material terms?

5           MR. MERIN:  Yes, I do, your Honor.

6           THE COURT:  To the extent your office would have its

7  own claim for attorney's fees and costs, and to the extent Mr.

8  Cortez has sought your advise and recommendation, do you both

9  agree to, and agree to recommend the terms of the settlement?

10           MR. MERIN:  I do, your Honor.

11           THE COURT:  Mr. Masuhara, do you understand the

12  material terms of the settlement?

13           MR. MASUHARA:  I do, your Honor.

14           THE COURT:  To the extent your office would have its

15  own claim for attorney's fees and costs, to the extent Mr.

16  Cortez has sought your advice and recommendation, do you both

17  agree to, and agree to recommend the terms of the settlement?

18           MR. MASUHARA:  I do, your Honor.

19           THE COURT:  Thank you.

20           Mr. Cortez, do you understand the terms of the

21  settlement?

22           THE PLAINTIFF:  Yes, your Honor.

23           THE COURT:  Have you had enough time to talk to your

24  attorneys about this, and to have any questions you may have,

25  answered?  Are you prepared to enter into the settlement today?

1    THE PLAINTIFF:  Yes, your Honor.

2    THE COURT:  Any reason we should not enter into the

3    settlement here today, sir?

4    THE PLAINTIFF:  Not one.

5    THE COURT:  Okay.  Are you currently taking any drugs

6    or medications that affect your ability to think clearly or

7    understand what's happening here today?

8    THE PLAINTIFF:  No, your Honor.

9    THE COURT:  Are there any drugs or medications you

10   ordinarily would have taken, but you did not take, because you

11   were going to be appearing for court here today.

12   THE PLAINTIFF:  No, your Honor.

13   THE COURT:  All right.  I am wearing this robe.  There

14   is a court reporter present.  There are documents to follow,

15   but candidly, those are really quite straightforward.  They are

16   going to be laying out what we've already talked about.

17   It's not a basis for you to refuse to sign those

18   documents when Mr. Merin and Mr. Masuhara meet with you,

19   hopefully later next week, to get you to sign them.

20   And it's not a basis for you to seek to set aside the

21   settlement a month from now, or six months from now, or a year

22   from now, because you need more money, or because your leg is

23   worse than you thought, or because you've talked to a relative

24   who says, "Oh, you should have gotten more money than that."

25   Nope.  We'll have a settlement as of now.  Do you understand

1    all of that?

2              THE PLAINTIFF:  Um-hmm.  Yes, your Honor.

3              THE COURT:  All right.  With that said, you agree to

4    the terms of the settlement?

5              THE PLAINTIFF:  Yes, your Honor.

6              THE COURT:   All right.  Mr. Matzkind, you understand

7    the material terms of the settlement?

8              MR. MATZKIND:  I do.

9              THE COURT:  And to the extent that your office would

10   have its own claims for attorney's fees and costs, and on

11   behalf of the county and the individual named defendants, do

12   you agree to the terms of the settlement?

13             MR. MATZKIND:  I do.

14             THE COURT:  Ms. Wilkinson, you represent Officer

15   Sparks; is that correct?

16             MS. WILKINSON:  Yes, Deputy Sparks.

17             THE COURT:  And do you understand the material terms

18   of the settlement?

19             MS. WILKINSON:  I do.

20             THE COURT:  And I understand Deputy Sparks is not

21   going to be contributing to the settlement in this case, but

22   you do have authority to enter into a settlement on his behalf?

23             MS. WILKINSON:  I do.

24             THE COURT:  And to the extent you would have your own

25   claim for attorney's fees and costs, and on behalf of Officer

1  Sparks, do you agree to the terms of the settlement?

2       MS. WILKINSON:  I do.

3       THE COURT:  All right.  Ms. Highiet, what's your

4  title with the county?

5       MS. HIGHIET-IVICEVIC:  I'm the Deputy County

6  Counsel.

7       THE COURT:  And you understand the material terms of

8  the settlement?

9       MS. HIGHIET-IVICEVIC:  Yes, your Honor.

10      THE COURT:  To the extent your office would have its

11 own claim for attorney's fees and costs, and to the extent you

12 can bind the county and the defendants, or that you are sought

13 to recommend, you agree to, and agree to recommend the terms of

14 the settlement?

15      MS. HIGHIET-IVICEVIC:  Yes, your Honor.

16      THE COURT:  Mr. Lingenfelter, what is your correct

17 title?

18      MR. LINGENFELTER:  I'm a Senior Claims Specialist for

19 PRISM.

20      THE COURT:  All right.  And do you understand the

21 material terms of the settlement?

22      MR. LINGENFELTER:  Yes, your Honor.

23      THE COURT:  To the extent that you are binding PRISM,

24 as well as to the extent the county has sought your advice and

25 recommendation, do you agree to and agree to recommend the

1  terms of the settlement?

2          MR. LINGENFELTER:  Yes, your Honor.

3          THE COURT:  All right, folks, we have a settlement.

4  And I don't say this lightly, when I started looking into this

5  case, when I called counsel at the end of last week, beginning

6  of this week, I was not optimistic about the resolution,

7  because people looked at this case understandably very

8  differently.

9          But I commend not only the lawyers, but the parties

10 for thinking an early resolution makes sense if it's at all

11 possible, because the case was just going to get more

12 expensive, and the parties were going to get more entrenched,

13 so I very much appreciate people coming with open ears and open

14 minds in getting this case resolved.  So I think you were all

15 smart to do that.  I'm glad I was able to assist.

16         Mr. Cortez, we spoke very candidly at times.  You have

17 not had a good track record.  I really hope that things go

18 better for you going forward.

19         In some ways, it's too bad you are not still a minor,

20 because then the courts and your attorneys can have a greater

21 say in how the money gets spent, because I hope you don't do

22 anything foolish with this money.

23         I think it can make a big difference in your life.

24 It's probably a good idea, you've talked about once you get the

25 criminal stuff behind you, to get out of that area where some

1   of the influences have not been good.

2          But no offense, I don't want to see you in the future.

3   I hope things go well for you going forward; all right, sir.

4          To the lawyers, it was very, very nice seeing you all

5   again.  Meeting some of you.  Mr. Lingenfelter hopes to never

6   see me again, because anytime he sees me, I'm squeezing him for

7   money, but I will welcome seeing you again.

8          So everyone, please stay healthy.  If there's anything

9   I can do to assist.  So Alex is going to do a minute order, as

10  I said, staying all dates.  Mr. Merin, as it relates to Ms.

11  Mercado, Mr. Merin, and Mr. Masuhara are to file a motion to

12  withdraw within the next 30 days based upon both the conflict,

13  and the client's -- a lack of communication with the client.

14         All dates as it relates to Mr. Cortez are vacated.

15  The dispositional documents, meaning the dismissal with

16  prejudice as it relates to Mr. Cortez to be filed within 45

17  days, but the feeling is it should be much sooner than that,

18  because hopefully settlement agreement release can be sent over

19  from Mr. Matzkind's/Highiet's office to Mr. Merin early/middle

20  part of next week, and then payment will take place within 30

21  days after that is signed.  So hopefully it's a little bit

22  quicker.

23         I tend to stay involved if for any reason there are

24  issues that come up about the documents, or Ms. Mercado, or

25  payments.  Just reach out to Alex, I will get involved.

1          Otherwise, everyone is ordered to stay healthy.

2          Mr. Merin, anything further?

3          MR. MERIN:  Well, just to appreciate your kind

4     assistance and your wise counsel, as usual, and you also, and

5     the others involved, should stay healthy, too.  Thank you.

6          THE COURT:  Mr. Masuhara, anything else?

7          MR. MASUHARA:  Nothing further, your Honor.  Thank

8     you.

9          THE COURT:  Mr. Matzkind, anything further?

10         MR. MATZKIND:  No.  I join, though, what counsel said.

11    We really appreciate your effort and your wisdom on the matter,

12    and it's unfortunate I didn't get to meet opposing counsel in

13    person.  I wish everybody the best.

14         THE COURT:  Hopefully that will happen one of these

15    days.  I don't know when it will be.

16         Ms. Wilkinson, anything further?

17         MS. WILKINSON:  No.  On behalf of Deputy Sparks, I

18    would like to thank you, as well as everybody else involved, in

19    bringing this matter to closure, and I wish everybody to stay

20    healthy, and certainly to not have to be in any position to

21    have to evacuate for the fires.

22         THE COURT:  Some date what I look forward to is having

23    a settlement conference with just Mr. Masuhara and Ms. Highiet

24    in it, to see if either one of them says a word, but I'll leave

25    Ms. Highiet with the last words.  Anything, Ms. Highiet?

1    MS. HIGHIET-IVICEVIC:  I just echo my colleagues

2    thanks and stay safe and healthy, everybody.

3        THE COURT:  All right, everyone.  Tiphanne, thank you

4    so much.  We're done.

5        THE CLERK:  Thank you.  Court is adjourned.

6        (The proceedings adjourned at 2:53 p.m.)

7                          --oOo--

8    I certify that the foregoing is a correct transcript from the

9    record of proceedings in the above-entitled matter.

10                        /s/ Tiphanne G. Crowe

11                        _____
                          TIPHANNE G. CROWE
                          CSR No. 10958

12

13

14

15

16

17

18

19

20

21

22

23

24

25