1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

| | |
|---|---|
| DESIREE MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MERCED, et al.,<br><br>Defendants. | Case No.  1:20-cv-00161-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION DUE TO PLAINTIFF MERCADO'S FAILURE TO COMPLY AND FAILURE TO PROSECUTE<br><br>(ECF No. 52)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

19   Currently before the Court is Defendant Sparks' motion to dismiss, filed November 30,

20  2020.  (ECF No. 52.)  For the reasons discussed herein, the Court recommends that the motion to

21  dismiss be granted and that this action be dismissed in its entirety for Plaintiff Mercado's failure

22  to comply and failure prosecute.

23  **I.**

24  **RELEVANT BACKGROUND**

25   On January 30, 2020, Plaintiffs Miguel Rodriguez Cortez and Desiree Mercado filed this

26  civil rights action pursuant to 42 U.S.C. § 1983 against Defendants County of Merced, Merced

27  County Sheriff's Office, and Vernon Warnke ("County Defendants").  (ECF No. 1.)  On March

28  18, 2020, Plaintiffs filed a first amended complaint adding Damian Sparks, Joseph Royel, Julio

1  Ibarra Perez, and Nasir Wali as defendants.  (ECF No. 10.)  On April 6, 2020, a stipulation to

2  stay this action pending early settlement discussions was filed.  (ECF No. 12.)  On April 7, 2020,

3  all dates were vacated and the matter was stayed for the parties to complete alternate dispute

4  resolution.  (ECF No. 13.)

5        A settlement conference was held in this matter before Magistrate Judge Kendall J.

6  Newman on September 4, 2020.  (ECF No. 26.)  Plaintiff Desiree Mercado did not appear at the

7  September 4, 2020 settlement conference.  Plaintiff Cortez reached a settlement agreement with

8  the defendants and was dismissed from this action at the stipulation of the parties on September

9  16, 2020.  (ECF Nos. 32, 35.)

10        On September 9, 2020, Plaintiff Mercado's counsel filed a motion to withdraw due to

11  lack of communication with Plaintiff Mercado.  (ECF No. 32.)  On September 10, 2020, an order

12  issued requiring Plaintiff Mercado to appear telephonically at the hearing on the motion to

13  withdraw.  (ECF No. 33.)  The order was served on Plaintiff Mercado at the last known address

14  provided by defense counsel in the motion.  (Id.)  On September 25, 2020, the order was returned

15  by the United States Postal Service as undeliverable.

16        A hearing on the motion to withdraw was held on October 7, 2020, and Plaintiff Mercado

17  did not appear for the hearing.  (ECF No. 38.)  On October 8, 2020, an order issued granting

18  counsel's request to withdraw; Plaintiff Mercado was ordered to file a change of address within

19  thirty days; and a mandatory scheduling conference was set for November 12, 2020, as amended

20  on October 9, 2020.  (ECF Nos. 39, 40.)  Due to the return of prior mail, the Court had the order

21  served to the address of record and to Plaintiff's email address.  (ECF No. 39.)  On October 21,

22  2020, the October 8, 2020 and October 9, 2020 orders were returned as undeliverable by the

23  United States Postal Service.

24        On November 4, 2020, a joint scheduling report was filed.  (ECF No. 41.)  The

25  mandatory scheduling conference was held on November 12, 2020.  (ECF No. 45.)  Counsel

26  Janine Highiet-Ivicevic appeared for the County Defendants and Alison Berry-Wilkinson

27  appeared for Defendant Sparks.  (ECF No. 45.)  Plaintiff Mercado did not appear.  (Id.)  On this

28  same day, an order issued lifting the stay of this matter, requiring Defendants to file a responsive

1   pleading, finding that it appeared that Plaintiff was no longer prosecuting this action, and

2   requiring Plaintiff to file proof of service on Defendants Royel, Perez and Wali or show cause

3   why Defendants Royel, Perez, and Wali should not be dismissed from this action for failure to

4   serve.  (ECF No. 46.)

5        On November 25, 2020, the County Defendants filed an answer to the first amended

6   complaint and Defendant Sparks filed a motion to dismiss.  (ECF Nos. 50, 52.)  On November

7   30, 2020, the motion to dismiss was referred to the undersigned for preparation of findings and

8   recommendations.  (ECF No. 53.)  An order issued setting a hearing on the motion before the

9   undersigned on January 6, 2021.  (ECF No. 54.)  On December 22, 2020, the November 30, 2020

10  minute order and order setting the hearing on the motion to dismiss were returned as

11  undeliverable.  On December 29, 2020, an order was filed advising Plaintiff Mercado that her

12  failure to appear at the January 6, 2021 hearing would be construed as an indication that she was

13  no longer prosecuting this action.  (ECF No. 55.)  She was also advised that she had been

14  ordered to contact the Courtroom Deputy within forty eight hours of the hearing to obtain the

15  information on how to appear.  (Id.)  Plaintiff did not contact the Courtroom Deputy prior to the

16  hearing and the Courtroom Deputy emailed Plaintiff Mercado the information on how to appear

17  at the January 6, 2021 hearing.

18       A hearing on the motion was held on January 6, 2021.  Counsel Alison Berry-Wilkinson

19  appeared by video for Defendant Sparks and counsel Alison Janine Highiet-Ivicevic appeared by

20  video for the County Defendants..  Plaintiff Mercado did not appear.

21  **II.**

22  **DISCUSSION**

23       Defendant Sparks moves to dismiss the first amended complaint based on 1) failure to

24  serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure; 2) defects in service

25  of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure; 3) failure to comply

26  with the Court's orders and rules pursuant to Rule 16(f) of the Federal Rules of Civil Procedure;

27  and 4) failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

28  / / /

1          **A.      Failure to Serve**

2          Defendant Sparks moves to dismiss the first amended complaint based on Plaintiff's

3   failure to serve the summons and complaint.

4          Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for

5   service of the complaint in civil cases.  Rule 4(m) provides:

6          If a defendant is not served within 90 days after the complaint is filed, the court--
           on motion or on its own after notice to the plaintiff--must dismiss the action
7          without prejudice against that defendant or order that service be made within a
           specified time. But if the plaintiff shows good cause for the failure, the court must
8          extend the time for service for an appropriate period.

9          Here, an order setting the mandatory scheduling conference issued on January 31, 2020,

10  and informed Plaintiff to "diligently pursue service of the summons and complaint" and

11  "promptly file proofs of the service."  (ECF No. 3 at 1-2.)  Plaintiff was referred to Rule 4 of the

12  Federal Rules of Civil Procedure regarding the requirement of timely service of the complaint.

13  (Id.)  Further, Plaintiff was advised that "[f]ailure to comply may result in the imposition of

14  sanctions, including dismissal of unserved Defendants."  (Id.)  On February 19, 2020, Plaintiff

15  filed proofs of service for Defendants County of Merced, Merced County Sheriff's Office, and

16  Vernon H. Warnke.  (ECF Nos. 5, 6, 7.)  The County Defendants filed an answer on February

17  27, 2020.  (ECF No. 9.)

18         On March 18, 2020, Plaintiffs filed a first amended complaint which added Defendants

19  Damian Sparks, Joseph Royel, Julio Ibarra Perez, and Nasir Wali.  (ECF No. 10.)  Summonses

20  issued on March 19, 2020.  (ECF No. 11.)  On April 6, 2020, a stipulation was filed to stay this

21  action while the parties participated in alternative dispute resolution.  (ECF No. 12.)  The

22  stipulation provided that service of process was stayed and the time limits to serve Defendant

23  Sparks, Royel, Perez, and Wali was tolled until the conclusion of early alternative dispute

24  resolution.  (Id. at 2.)  Plaintiff had ninety days following the completion of alternative dispute

25  resolution to complete service of process on the unserved defendants.  (Id. at 3.)

26         On August 21, 2020, a settlement conference was held and Defendant Cortez settled his

27  claims in this action.  However, Defendant Mercado did not appear at the settlement conference

28  and her attorney indicated that he had been unable to reach her to get her to participate.  (ECF

4

1   No. 26.)   Counsel indicated that he intended to file a motion to withdraw because Plaintiff

2   Mercado was no longer communicating with counsel.  (Reporter's Transcript of Proceedings 6:9-

3   12, ECF No. 28.)

4          Alternate dispute resolution was completed on August 21, 2020, but Magistrate Judge

5   Newman continued the stay of all pending dates as to Plaintiff Mercado.  (ECF No. 26.)  Since

6   Plaintiff is proceeding pro se in this action, there may be good cause to extend the deadline for

7   service on Defendant Sparks.

8          However, on November 12, 2020, an order issued requiring Plaintiff Mercado to either

9   file proof of service on Defendants Royel, Perez, and Wali or show cause why they should not be

10  dismissed from this action for failure to serve within thirty days.  (ECF No. 46.)  Plaintiff

11  Mercado has not demonstrated that Defendants Royel, Perez, and Wali have been served or

12  otherwise responded to the November 12, 2020 order, nor has Plaintiff filed proof that Defendant

13  Sparks has been served with the summons and complaint in this action.  Based on Plaintiff's

14  failure to appear and failure to comply with the orders of this Court, it has previously been found

15  that it appears that Plaintiff Mercado is no longer prosecuting this action.  Therefore, it would be

16  futile to grant further time for Plaintiff to effect service on any defendant in this action.

17         Accordingly, the Court recommends that Defendant Sparks' motion to dismiss be granted

18  and Defendants Sparks, Royel, Perez, and Wali be dismissed from this action for failure to serve

19  in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

20         **B.      Failure to Comply and Failure to Prosecute**

21         Defendant Sparks moves to dismiss the first amended complaint due to Plaintiff

22  Mercado's repeated failure to comply with the Court's orders.  Defendant Sparks argues that

23  Plaintiff was unresponsive to her counsel and failed to participate in the early settlement

24  conference.  Plaintiff was ordered to appear at the hearing on the motion to withdraw and she

25  was not present.  Defense counsel asserts that they were able to contact Plaintiff Mercado and

26  informed her of how to attend the scheduling conference, but again Plaintiff Mercado failed to

27  comply with the order that she be present.

28         At the January 6, 2021 hearing, Counsel for the County Defendants indicated that they

1   were also intending to file a motion to dismiss for failure to comply with the Court's orders.

2         Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an

3   action if the plaintiff fails to prosecute the action or fails to comply with a court order.  Fed. R.

4   Civ. P. 41(b).  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

5   these Rules or with any order of the Court may be grounds for imposition by the Court of any

6   and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power

7   to control its docket and may, in the exercise of that power, impose sanctions where appropriate,

8   including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

9   2000).

10         In this action, Defendant Mercado has demonstrated a repeated failure to comply with

11   orders of the Court.  Although Plaintiff Mercado acknowledged an email in May 2020 that she

12   needed to attend, Plaintiff did not appear at the settlement conference on August 21, 2020.

13   (Decl. of Mark. E. Merin in Support of Motion to Withdraw as Counsel (Merin Decl.") ¶ 5, ECF

14   No. 30-2; Supplemental Decl. of Mark E. Merin ("Merin Suppl. Decl.") ¶ 9, ECF No. 34.)

15   Counsel stated in the motion to withdraw that he had been unable to contact her since April

16   2020.  (Merin Decl. ¶ 5.)  At the settlement conference on August 21, 2020, counsel indicated

17   that were unsuccessful in reaching Plaintiff Mercado to have her participate.  (Minutes of August

18   21, 2020 Settlement Conference, ECF No. 26.)  Counsel emailed a copy of the motion to

19   withdraw to Plaintiff Mercado and she contacted counsel on August 26, 2020 by email

20   apologizing for her failure to contact counsel and requested a status of her case.  (Merin Suppl.

21   Decl. ¶ 16.)

22         Plaintiff was ordered to be present for the hearing on counsel's motion to withdraw as

23   counsel and the order was served on Plaintiff at her last known address.  (ECF No. 33.)  The

24   order was returned on September 25, 2020 due to an insufficient address.  On September 9, 2020,

25   counsel emailed Plaintiff a copy of the order requiring her attendance at the hearing on the

26   motion to withdraw.  (Merin Suppl. Decl. ¶ 19.)  Plaintiff did not attend the October 7, 2020

27   hearing.  (ECF No. 38.)

28         On October 8, 2020, an order issued granting the motion to withdraw and Plaintiff was

1    ordered to file a change of address within thirty days based on the notice of returned mail.  (ECF

2    No. 39.)   The October 8, 2020 order also informed Plaintiff of the mandatory scheduling

3    conference and that the failure to file a change of address would result in the recommendation

4    that this action be dismissed for failure to comply with a court order.  (Id. at 8.)  The order was

5    served on the address of record and to Plaintiff's email address.  (Id.)  On October 21, 2020, the

6    order was returned by the United States Postal Service for insufficient address.

7         Plaintiff did participate in the joint scheduling report that was filed on November 4, 2020,

8    and defense counsel informed her that she was required to appear at the scheduling conference or

9    could suffer consequences for her failure to appear.  (ECF Nos. 41, 46.)  The Court also emailed

10   Plaintiff the information on how to appear by video at the scheduling conference.  (See

11   November 9, 2020 email, ECF No. 52-1 at 74.)   The January 31, 2020 order setting the

12   mandatory scheduling conference states, "**Should counsel or a party appearing pro se fail to**

13   **appear at the Mandatory Scheduling Conference, or fail to comply with the directions as**

14   **set forth above, an ex parte hearing may be held and contempt sanctions, including**

15   **monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed**

16   **and/or ordered.**"  (ECF No. 3 at 7 (emphasis in original)).  However, Plaintiff did not appear at

17   the November 12, 2020 scheduling conference.  (ECF No. 45.)

18        On November 12, 2020, the scheduling order issued in this action and initial disclosures

19   were to be exchanged by December 3, 2020.  (ECF No. 47.)  At the January 6, 2021 hearing,

20   counsel indicated that Plaintiff Mercado had not served her initial disclosures.

21        On November 12, 2020, an order was filed lifting the stay of the action and requiring

22   Plaintiff to file proof of service was served at Plaintiff's address of record and at an address that

23   included an apartment number that had been identified by counsel.  (ECF No. 46.)  In the order,

24   the Court found that it appeared that Plaintiff Mercado has decided not to prosecute this action.

25   (Id. at 3.)  She was ordered to respond to the order within thirty days.  (Id. at 4.)  Plaintiff has not

26   responded to the November 12, 2020 order.

27        Defendants' motion to dismiss was served on Plaintiff on by mail and at her email

28   address.  (ECF No. 52 at 11.)  At the January 6, 2021 hearing, defense counsel indicated that the

1  motion was served on Defendant and was signed for at the address of record.  Plaintiff did not

2  file an opposition to the motion or appear at the January 6, 2021 hearing on the motion.

3        On December 29, 2020, Plaintiff was served with the order advising her that failure to

4  appear at the January 6, 2021 hearing would be construed as an indication that she was no longer

5  prosecuting this action.  (ECF No. 55.)  She was again advised that she had been ordered to

6  contact the Court forty-eight hours prior to the hearing to obtain the information on how to

7  appear and did not do so.  The Courtroom Deputy emailed her the information on how to appear

8  and Plaintiff Mercado was not present at the January 6, 2021 hearing.

9        A court may dismiss an action based on a party's failure to prosecute an action, failure to

10  obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

11  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

12  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

13  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

14  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

15  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

16  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

17  of prosecution and failure to comply with local rules).

18        Defendant Sparks seeks to have this action dismissed with prejudice as a sanction for

19  Plaintiff's failure to comply.  In determining whether to dismiss an action for failure to comply

20  with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of

21  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

22  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

23  drastic sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

24  1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a

25  court in deciding what to do, and are not conditions that must be met in order for a court to take

26  action. Id. (citation omitted).  Defendant argues that these factors all weigh in favor of dismissal

27  with prejudice.

28        Defendant argues that the public interest is not served in this action because Plaintiff's

1  failure to comply has caused delays in this matter being timely adjudicated.  Here, the Court

2  finds that the public's interest in expeditious resolution of the litigation and the Court's need to

3  manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file a change of

4  address within thirty days of November 12, 2020 and has failed to do so.  Further, Plaintiff was

5  required to appear at the August 21, 2020 settlement conference and despite attempts to contact

6  her by mail, email, and phone, she did not respond to her then counsel.  Plaintiff was ordered to

7  appear at the October 7, 2020 hearing on counsel's motion to withdraw and at the November 12,

8  2020 scheduling conference and failed to appear at either hearing.  On November 12, 2020, the

9  Court found that it appears that Plaintiff has decided not to prosecute this action and she was

10 ordered to serve Defendants Royel, Perez, or Wali or show cause for the failure to do so within

11 thirty days.  Plaintiff has not responded to the Court's order.  Plaintiff was ordered to appear at

12 the January 6, 2021 hearing and was provided with the information on how to make an

13 appearance.  She did not appear.

14      In this instance, Plaintiff's counsel, defense counsel, and the Court have made numerous

15 attempts to gain Plaintiff's cooperation in moving this action forward.  However, Plaintiff has

16 continually demonstrated that she will not comply with the Court's order and her failure to

17 comply hinders the Court's ability to move this action towards disposition, and indicates that

18 Plaintiff does not intend to diligently litigate this action.  The Court has spent a significant

19 amount of time attempting to gain Plaintiff Mercado's cooperation to move this action forward

20 and her failure to comply has led the Court to find that she has stopped prosecuting this action.

21 Plaintiff has not objected to that finding nor has she shown any attempt to move this action

22 forward since the finding was made.  Plaintiff did not comply with the order to serve the

23 unserved defendants or the scheduling order requiring her to provide initial disclosures.  Further,

24 Plaintiff was advised that her failure to appear at the January 6, 2021 hearing would be construed

25 as an indication that she was no longer interested in prosecuting this action.  The Court can come

26 to no conclusion except that Plaintiff is no longer prosecuting this action.

27      Further, as Defendant argues, Plaintiff's failure to comply with the Court's orders and

28 appear at hearings in this matter has unnecessarily required the Court to devote time and

1   resources on this action which could have been devoted to other cases on the Court's docket.

2   Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

3          Defendant argues that the risk of prejudice that arises from Plaintiff's unexplained failure

4   to prosecute weighs in favor of dismissal with prejudice.  Where it is found that the plaintiff does

5   not intend to litigate the action diligently there arises a rebuttable presumption of prejudice to the

6   defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Laurino v. Syringa

7   Gen. Hosp., 279 F.3d 750, 758 (9th Cir. 2002) (dissenting opinion).  Here, Plaintiff Mercado

8   failed to respond to the attempts of her attorney to get her to attend the settlement conference.

9   She has failed to attend the hearing on the motion to withdraw, the mandatory scheduling

10  conference, and now the instant motion to dismiss.  It is apparent that Plaintiff in not diligently

11  prosecuting this action.  Plaintiff has not offered any explanation for the delay to rebut the

12  presumption of prejudice.  In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants

13  also weighs in favor of dismissal.

14         Defendant argues that the public policy in favor of deciding cases on the merits also

15  weighs in favor of dismissal because Plaintiff has been provided with multiple opportunities to

16  move this action forward but has failed to do so despite being warned that her lack of

17  participation could result in dismissal of this action.  The Court finds that the public policy in

18  favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.

19  While it is Plaintiff's responsibility to move this action forward, she has not served four of the

20  named defendants.  She did participate in preparing the joint scheduling report and stated, "I

21  honestly just wanted my phone back with my daughters pictures since then I have got a new

22  phone I have tried to contact Mark with then he told me he was no longer my attorney and from

23  there I kind of left everything alone because idk what to do next. Or even the status of the case."

24  (Joint Scheduling Report 2, ECF No. 46.)

25         Despite the Court's efforts to attempt to get Plaintiff to participate in this action, she has

26  consistently failed to comply or otherwise respond.  The Court has served orders at Plaintiff's

27  address of record, an address identified by counsel as potentially belonging to Plaintiff, and by

28  email.  It is apparent from the exhibits attached to the motion that Plaintiff has received notice of

1  the motions and orders filed in this action but continually fails to respond or comply.  This action

2  can proceed no further without Plaintiff's cooperation and compliance with the Federal Rules

3  and the orders of the court.  In this instance, the fourth factor does not outweigh Plaintiff's

4  failure to comply with the Court's orders.

5        Finally, a court's warning to a party that their failure to obey the court's order will result

6  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

7  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court has repeatedly advised

8  Plaintiff that her continued failure to comply will result in the dismissal of this action.  The

9  September 10, 2020 order requiring Plaintiff to appear telephonically at the October 7, 2020

10  hearing advised her that "**the failure to appear at the October 7, 2020 hearing in compliance**

11  **with this order may result in the issuance of sanctions, up to and including dismissal of this**

12  **action[.]**"  (ECF No. 33 at 2 (emphasis in original)).

13        The October 8, 2020 order advised Plaintiff that "the failure to file a change of address in

14  compliance with this order will result in the recommendation that this action be dismissed for

15  failure to comply with a court order[.]"  (ECF No. 39 at 8 (emphasis in original)).

16        On December 29, 2021, an order issued informing Plaintiff that "**if she again fails to**

17  **appear at the January 6, 2021 hearing, the Court will construe her non-appearance as a**

18  **statement that she is no longer interested in prosecuting this action, and it will be**

19  **recommended that the entire action be dismissed with prejudice.**"  (ECF No. 55.)

20        Here, the Court has considered whether there are other sanctions available that would

21  address the failure to comply, but due to Plaintiff's complete failure to obey the orders of the

22  Court which indicates that she is no longer prosecuting this action, the Court finds that the

23  imposition of alternate sanctions would be futile to gain Plaintiff's compliance to move this

24  action forward.

25        The factors to be considered in determining whether this action should be dismissed all

26  weigh in favor of granting the motion and dismissing this entire action for failure to comply with

27  the Federal Rules of Procedure and court orders.

28        The district court has the authority to dismiss a plaintiff's action with prejudice due to her

1  failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629 (1962); Al-Torki v. Kaempen,

2  78 F.3d 1381, 1385 (9th Cir. 1996).  In determining whether to dismiss the action with prejudice,

3  the court considers if the delay and prejudice to the defendants is sufficient to justify dismissal

4  with prejudice.  Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983).  Here, Defendant has not

5  specifically addressed any prejudice that has resulted from the delay in this action but relies on

6  the presumption of prejudice that arises from the failure to prosecute.

7        The underlying incident in this action occurred approximately fourteen months ago on

8  November 15, 2019.  (FAC ¶ 15, ECF No. 10.)  Plaintiff filed the complaint on January 20,

9  2020.  (ECF No. 1.)  Since May 2020, Plaintiff has only had contact with her attorney in August

10  2020, and did respond to defense counsel's request for her to participate in the joint scheduling

11  report.  The actual delay in this action that can be attributed to Plaintiff Mercado would begin in

12  August 2020 when she failed to attend the settlement conference.  Although there has been some

13  delay in the action that can be attributed to Plaintiff Mercado, this case has been pending less

14  than a year and was stayed from April 7, 2020 to August 21, 2020, for the parties to participate in

15  alternate dispute resolution.  Defendant has not identified any prejudice due to the delay since

16  August 21, 2020.

17        To prove prejudice, a defendant must establish that plaintiff's actions impaired

18  defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

19  case.  Pagtalunan, 291 F.3d at 642.  Although Plaintiff Mercado did not appear at the scheduling

20  conference, a scheduling order did issue.  "Limited delays and the prejudice to a defendant from

21  the pendency of a lawsuit are realities of the system that have to be accepted, provided the

22  prejudice is not compounded by 'unreasonable' delays."  Id. at 642 (quoting Yourish v.

23  California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).  The Court finds that, based on the

24  limited delay in this action that can be attributed to Plaintiff Mercado, Defendant has not

25  established sufficient prejudice to justify the severe sanction of dismissal with prejudice.

26  Accordingly, the Court recommends that this action be dismissed without prejudice.

27  / / /

28  / / /

12

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff Mercado has stopped prosecuting this action and therefore dismissal of the action in its entirety is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant Sparks motion to dismiss, filed November 25, 2020, be GRANTED; and

2.  This action be dismissed without prejudice, in its entirety, for Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the orders of this Court.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2021**

UNITED STATES MAGISTRATE JUDGE

13